Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9453 | **DATE** | 1/7/2004 |
| **CASE TITLE** | U.S. Markets, Inc. vs. William A. Irvine, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly U.S. Markets' counsel are ordered to file in this Court's chambers on or before January 23, 2004 a memorandum explaining how and why this Court should retain jurisdiction over this litigation - - or, if they so choose, a voluntary dismissal of this action. This Court will then consider what if any further action is called for.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 0 7 2004 | |
| | Notified counsel by telephone. | | date docketed | 2 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/7/2004 | |
| SN | courtroom deputy's initials | | date mailed notice SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JAN 0 7 2004

U.S. MARKETS, INC., )
)
        Plaintiff, )
)
v. ) No. 03 C 9453
)
WILLIAM A. IRVINE, et al., )
)
        Defendants. )

MEMORANDUM OPINION AND ORDER

U.S Markets, Inc. ("U.S. Markets") has filed a 38-page 20-count Complaint against William Irvine ("Irvine"), two other individuals and five limited liability companies,[1] as to each of which companies Irvine is alleged on information and belief to be either a member or manager or both (Complaint ¶15). Because all of the parties--both U.S. Markets and all defendants--share Illinois citizenship, diversity of citizenship jurisdiction is of course lacking. Hence U.S. Markets attempts to use the Complaint's one claim that it advances solely against Irvine under RICO (18 U.S.C. §1962(c), "Section 1962(c)") as the federal jurisdictional foundation on which U.S. Markets hopes to rest its 19 state law claims (12 sounding in breach of fiduciary duty, six asserting unjust enrichment and one invoking the Illinois Trade Secrets Act)--some of which claims target Irvine and some of which target one or the other of his codefendants.

---

[1] Those companies are collectively referred to here as the "One Source Companies."

It is thus plain that U.S. Markets has sought to employ that one RICO claim to obtain entry to the door of this federal court so that it can address what is obviously, in principal part, a state law controversy. And although this Court will not require U.S. Markets' counsel to jump through all of the hoops that some federal judges have prescribed for those who seek to invoke RICO under what may be questionable circumstances (see attached Ex. 1), it <u>will</u> call upon counsel to speak to the Complaint's obvious difficulty in satisfying the "pattern of racketeering activity" requirement of Section 1962(c).

In that respect Complaint Count III (the RICO count) is based upon what the count's caption refers to as the "De-Lage Laden Financial Services Inc. Transaction," which relates back to Irvine's allegedly having caused two of the One Source Companies to obtain financing--a business loan--through that De-Lage Laden company to purchase two lots of equipment valued at almost $5 million (Complaint ¶¶48-50). What Irvine then assertedly did was to cause U.S. Markets to pay for invoices that were directed to one of the One Source Companies, through the issuance of ten checks aggregating some $300,000 between April 27 and December 21, 2001 (Complaint ¶¶51-54).

Those allegations, which must of course be accepted as true for purposes of testing the sufficiency of U.S. Markets' statement of a RICO claim, set out a "closed-ended" set of

actions. In that respect H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 240 (1989)(emphasis in original) holds that whether the claimed "pattern of racketeering activity" is closed-ended or open-ended (see id. at 241):

> To establish a RICO pattern it must also be shown that the predicates themselves amount to, or that they otherwise constitute a threat of, continuing racketeering activity.

On that score, the relevant caselaw from our Court of Appeals teaches consistently that a set of facts such as that presented here--the issuance of ten checks over a period of a bit less than eight months to implement one fraudulent scheme--does not provide the requisite continuity to constitute the "pattern" that might suffice to state a RICO claim--see, e.g., such cases as Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1024 (7th Cir. 1992); Uni*Quality, Inc. v. Infotronx, Inc., 974 F.2d 918, 922 (7th Cir. 1992); Vicom, Inc. v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 780-81 (7th Cir. 1994); Corley v. Rosewood Care Ctr., Inc. of Peoria, 142 F.3d 1041, 1048-49 (7th Cir. 1998); and Pizzo v. Bekin Van Lines Co., 258 F.3d 629, 632-33 (7th Cir. 2001)). And it should be emphasized that both Vicom and Pizzo upheld the dismissal of such RICO claims on the pleadings.

Based on what has been said here and the uniform teaching of the cited cases, it is plain that U.S. Markets and its counsel face a major hurdle before they can justifiably call upon Irvine and his codefendants to answer to their charges in this federal

forum, rather than in a state court where no such threshold problems would have to be faced. True enough, such state court litigation would not enable U.S. Markets to grab the brass ring of treble damages that may be seized by a successful rider on the RICO merry-go-round. But against that they must weigh what appears to be the near certainty of a dismissal of the RICO claim (and the consequent dismissal, without prejudice, of all of the state law claims for lack of a federal anchor--see 28 U.S.C. §1367(c)), to be followed by the time and expense required to seek to distinguish all of the cited cases and more in an appeal from such dismissal.

Accordingly U.S. Markets' counsel are ordered to file in this Court's chambers on or before January 23, 2004 (with copies contemporaneously transmitted to defendants' counsel if known or, if not, to defendants themselves) a memorandum explaining how and why this Court should retain jurisdiction over this litigation-- or, if they so choose, a voluntary dismissal of this action. This Court will then consider what if any further action is called for.

                                                       /s/ Milton I. Shadur
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: January 6, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

O R D E R

In this action, claims have been asserted under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §1961. Under the current practice of this Judge, all parties filing RICO claims must file a RICO statement in the form following.

The plaintiff shall file, within twenty (20) days hereof, a RICO case statement. This statement shall include the facts the plaintiff is relying upon to initiate this RICO complaint as a result of the "reasonable inquiry" required by Fed. R. Civ. P. 11. In particular, this statement shall be in a form which uses the numbers and letters as set forth below, and shall state in detail and with specificity the following information.

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§1962(a), (b), (c), and/or (d).

2. List each defendant and state the alleged misconduct and basis of liability of each defendant.

3. List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

4. List the alleged victims and state how each victim was allegedly injured.

EXHIBIT 1

5. Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:

    a. List the alleged predicate acts and the specific statutes which were allegedly violated;

    b. Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

    c. If the RICO claim is based on the predicate offenses of wire fraud, mail fraud, or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;

    d. State whether there has been a criminal conviction for violation of the predicate acts;

    e. State whether civil litigation has resulted in a judgment in regard to the predicate acts;

    f. Describe how the predicate acts form a "pattern of racketeering activity"; and

    g. State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

6. Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall include the following information:

    a. State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;

    b. Describe the structure, purpose, function and course of conduct of the enterprise;

    c. State whether any defendants are employees, officers or directors of the alleged enterprise;

    d. State whether any defendants are associated with the alleged enterprise;

    e. State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and

    f. If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7. State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering

activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11. If the complaint alleges a violation of 18 U.S.C. §1962(a), provide the following information:

    a. State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

    b. Describe the use or investment of such income.

12. If the complaint alleges a violation of 18 U.S.C. §1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

13. If the complaint alleges a violation of 18 U.S.C. §1962(c), provide the following information:

    a. State who is employed by or associated with the enterprise; and

    b. State whether the same entity is both the liable "person" and the "enterprise" under §1962(c).

14. If the complaint alleges a violation of 18 U.S.C. §1962(d), describe in detail the alleged conspiracy.

15. Describe the alleged injury to business or property.

16. Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

17. List the damages sustained for which each defendant is allegedly liable.

18. List all other federal causes of action, if any, and provide the relevant statute numbers.

19. List all pendent state claims, if any.

20. Provide any additional information that you feel would be helpful to the court in processing your RICO claim.

IT IS FURTHER ORDERED that plaintiff is directed to make service of this order on all defendants named in the above captioned matter.

AND NOW, this _____ day of _____, 20_____, IT IS SO ORDERED.

_____
United States District Judge